# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY ANN T. VENECHANOS, | : | |
|     Plaintiff | : | CIVIL ACTION NO. 3:16-CV-2219 |
| | : | (Judge Nealon) |
| v. | : | |
| | : | |
| DITECH FINANCIAL, LLC, | : | |
|     Defendant | : | |

## MEMORANDUM AND ORDER

On November 2, 2016, Plaintiff filed a complaint against Defendant DiTech Financial, LLC ("DiTech"). (Doc. 1). On that same date, Plaintiff sought an extension of time to file a motion to proceed in forma pauperis. (Doc. 2). On November 9, 2016, Plaintiff's motion for an extension of time was granted and, thus, she was given until December 2, 2016, to file a completed application to proceed in forma pauperis. (Doc. 3). On January 4, 2017, after having not received Plaintiff's application to proceed in forma pauperis, and the deadline for filing such having expired, the Court ordered that Plaintiff file a completed in forma pauperis application on or before January 18, 2017. (Doc. 5). On January 18, 2017, Plaintiff filed a motion to proceed in forma pauperis, (Doc. 6), which was granted on January 20, 2017, (Doc. 8). Also on January 20, 2017, Plaintiff filed a motion for an extension of time to serve the summons and complaint. (Doc. 7). On February 2, 2017, in addition to directing the Clerk of Court to issue a summons as to DiTech,

the Court also granted Plaintiff's request for an extension of time to serve the summons and complaint. (Doc. 9). In particular, Plaintiff was ordered to serve the summons and complaint in the above-captioned action on or before March 27, 2017. (Id.).

However, to date, the docket sheet does not reflect that Plaintiff has served the summons and complaint in this matter. As a result, on May 8, 2017, the Court directed Plaintiff to show cause on or before May 22, 2017, as to why the above-captioned action should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for Plaintiff's failure to serve the summons and complaint in this matter. (Doc. 11). On June 27, 2017, the Court issued an Order which allowed Plaintiff to serve the summons and complaint on or before July 27, 2017, or to file a memorandum showing good cause for the failure on or before August 3, 2017. (Doc. 13). To date, Plaintiff has not filed proof of service of the summons and/or complaint, nor has she filed a response to this Court's June 27, 2017 Order.

Federal Rule of Civil Procedure 4(m) sets forth the following time frame for a plaintiff to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court

must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Thus, "if the plaintiff shows 'good cause' for failing to timely effect service, the court 'must' provide an appropriate extension of time." Cholewka v. Ohio Casualty Ins. Co., 2017 U.S. Dist. LEXIS 64305, at *3 (M.D. Pa. Apr. 27, 2017) (Caputo, J.) (citing McLaud v. Indus. Res., Inc., 2015 U.S. Dist. LEXIS 20452, at *3 (M.D. Pa. Feb. 20, 2015) (Caputo, J.)). Further, Local Rule 4.1 requires, inter alia, that "immediate service of process should be effected and an affidavit of such service shall be filed within fourteen (14) days thereafter." M.D. Pa. L.R. 4.1.

Here, as stated, on June 27, 2017, Plaintiff was given a final extension to serve the summons and complaint in this matter. (Doc. 13). Specifically, Plaintiff was directed to serve the summons and complaint on or before July 27, 2017. (Doc. 13). Further, Plaintiff was directed to file a memorandum on or before August 3, 2017, showing good cause for her failure to serve the summons and complaint by July 27, 2017. As noted above, to date, Plaintiff has not filed a response to the Court's June 27, 2017 Order. Nor has Plaintiff filed an affidavit of her service within fourteen (14) days of the July 27, 2017 deadline set by Local Rule 4.1. See M.D. Pa. L.R. 4.1. As a result, Plaintiff has not demonstrated that she has served the complaint and summons or that "good cause" exists to require an extension for

service of the summons and complaint pursuant to Rule 4(m).

**ACCORDINGLY, ON THIS 28TH DAY OF AUGUST, 2017**, IT IS **HEREBY ORDERED THAT:**

1. The above-captioned action is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 4(m); and

2. The Clerk of Court is directed to **CLOSE** the case.

**/s/ William J. Nealon**
**United States District Judge**